Citation Nr: 1212950 
Decision Date: 04/10/12 Archive Date: 04/19/12

DOCKET NO. 09-32 483 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUES

1. Entitlement to service connection for posttraumatic stress disorder. 

2. Entitlement to service connection for a psychiatric disorder other than posttraumatic stress disorder.


REPRESENTATION

Veteran represented by: The American Legion


WITNESS AT HEARING ON APPEAL

Veteran
ATTORNEY FOR THE BOARD

A. R. Grasman, Counsel 




INTRODUCTION

The Veteran, who is the appellant, served on active duty from October 1968 to October 1971 and from October 1990 to May 1991. 

This matter is before the Board of Veterans' Appeals (Board) on appeal of a rating decision in June 2006 of a Department of Veterans Affairs (VA) Regional Office (RO).

The Veteran filed a claim of service for posttraumatic stress disorder, but the record shows that a psychiatric disorder other than posttraumatic stress disorder has also been diagnosed. For this reason, the Board will address both posttraumatic stress disorder and a psychiatric disorder other than posttraumatic stress disorder as set forth on the first page of the decision.

The appeal is REMANDED to the RO via the Appeals Management Center in Washington, DC. 


REMAND

Service connection for posttraumatic stress disorder requires medical evidence diagnosing the condition in accordance with 38 C.F.R. § 4.125(a); a link, established by medical evidence, between current symptoms and an in-service stressor; and credible supporting evidence that the claimed in-service stressor occurred. 38 C.F.R. § 3.304(f). 







If the evidence establishes that a Veteran engaged in combat with the enemy or the stressor is related to fear of hostile military or terrorist activity and the claimed stressor is related to thereto, in the absence of clear and convincing evidence to the contrary, and provided that the claimed stressor is consistent with the circumstances, conditions, or hardships of the Veteran's service, the Veteran's lay testimony alone may establish the occurrence of the claimed in-service stressor. 38 C.F.R. § 3.304(f) (as amended 75 Fed. Reg. 39,847, 39, 852 (July 13, 2010). 

The Veteran served in the National Guard and was ordered to active duty in support of Operation Desert Shield and Desert Storm and he served in the Southwest Asia (SWA) Theater of operations from November 1990 to April 1991. He was a member of the 1450th Transportation Company. 

The Veteran's Unit received the meritorious Unit commendation for its service in Iraq and Saudi Arabia. The unit was responsible for transporting bulk petroleum to combat forces as well as ammunition and all classes of supplies. During ground offensive operations, the unit provided direct support to forward elements of the 24th Infantry Division in the battle of Basrah and the 3rd Army Calvary Regiment push into Iraq. The trucks moved forward during combat across muddy, rough terrain enduring adverse weather conditions providing fuel before the battle and fuel support throughout the battle across a 300 mile supply route in Iraq. A Letter of Appreciation dated in December 1991 from the Department of the Army to the 1450th Transportation Company also corroborates the Veteran's Unit activities. 

The Veteran testified that he was a member of the 1450th Transportation Unit, a petroleum unit of tankers that were in direct support of the 24th Infantry Division. He testified that he was in constant fear of enemy attack and hitting an improvised explosive device (IED). 






The Veteran also submitted several lay statements. In one lay statement, the witness stated that the Veteran became incoherent and erratic while driving and he was detained by military police and was not responsive to questions. He was given a reprimand and temporary reduction in rank. 

VA records document a diagnosis of posttraumatic stress disorder, but the records do not indicate if the claimed stressors were the stressors to support the diagnosis of PTSD. 

VA records also document a diagnosis of a depressive disorder. As the claim of service connection for posttraumatic stress disorder arises from the same psychiatric symptoms as the other diagnosed disorder as a diagnosis that differs from the claimed condition does not necessarily represent a wholly separate claim, the diagnosis of depressive disorder needs to be addressed. See Clemons v. Shinseki, 23 Vet. App. 1, 4-5 (2009) (holding that a claimant without medical expertise cannot be expected to precisely delineate the diagnosis of his mental illness; he filed a claim for the affliction that his mental condition, whatever it is, causes him). 

As the evidence of record is insufficient to decide the claims, further development under the duty to assist is needed. 

Accordingly, the case is REMANDED for the following action:

1. Afford the Veteran a VA psychiatric examination, which should include psychological testing for posttraumatic stress disorder. 

The VA examiner is asked to determine: 

a). Whether the Veteran currently has posttraumatic stress disorder or a psychiatric disorder other than posttraumatic stress disorder or both, and, if so, 

b). Whether it is more likely than not (probability greater than 50 percent), at least as likely as not (probability of 50 percent), less likely than not (probability less than 50 percent), that any current psychiatric disorder is related to the Veteran's experiences in Iraq and Saudi Arabia?

The VA examiner is asked to consider the Veteran's statements and the lay statements of record describing hostile or terrorist activity to include exposure to IEDs and ear of enemy attack. 

If after a review of the record, an opinion is not possible without resort to speculation, the examiner is asked to clarify whether an opinion cannot be determined based on the evidence of record and current medical knowledge. 

The Veteran's file must be made available to the examiner for review. 

2. After the development has been completed, adjudicate the claims of service connection for posttraumatic stress disorder and for service connection for a psychiatric disorder other than posttraumatic stress disorders. If any benefit sought remains denied, furnish the Veteran and his representative a supplemental statement of the case and return the case to the Board. 

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).






The claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2011).



_________________________________________________
George E. Guido Jr.
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2011).